Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| RAFAEL E. BOBÉ PLATA<br><br>Apelado<br><br><br>v.<br><br><br>ANGÉLICA M. RESTO TORRES<br><br>Apelante | TA2025AP00586 | *Revisión Judicial,* acogida como *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.<br>E DI2016-0663<br><br>Sobre: Divorcio (Ruptura Irreparable) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de marzo de 2026.

La apelante, Angelica M. Resto Torres, comparece ante nos y solicita nuestra intervención para que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Caguas, el 2 de octubre de 2025, notificada el 3 de octubre de 2025. Mediante la misma, el foro a quo, denegó una solicitud de desacato y honorarios de abogado presentado por la apelante en contra del apelado, el señor Rafael E. Bobé Plata. Del mismo modo, el tribunal primario ordenó a la Administración para el Sustento de Menores ajustar el balance adeudado por el apelado, en la cuenta #0615203 a $0.00. Finalmente, la sala de origen impuso al apelado una sanción económica de $2,000.00, pagaderos a la apelante en un término no mayor de 20 días por incumplir la forma dispuesta para efectuar el pago de la pensión.

Por los fundamentos que expondremos a continuación, se revoca la *Resolución* apelada.

I

El 27 de febrero de 2017, el Tribunal de Primera Instancia emitió una *Resolución* en el caso de epígrafe sobre divorcio y custodia, mediante la cual acogió un acuerdo de estipulación suscrito entre las partes, en el que se estableció, entre otros asuntos, la custodia compartida de las dos menores procreadas entre ambos. En lo pertinente, el Tribunal dispuso que el apelado pagaría a la apelante una pensión alimentaria ascendente a $800.00 mensuales. Asimismo, se estipuló que los gastos escolares mensuales de las menores se cubrirían mediante el pago de dicha pensión alimentaria, conforme a la capacidad económica del apelado y costo del colegio.

Posteriormente, el 9 de junio de 2020, el señor Bobé Plata solicitó la revisión de la pensión alimentaria. Así, y luego de varias incidencias procesales relacionadas con el pago de la pensión alimentaria y la custodia, el 16 de mayo de 2023, el apelado presentó una *Moción Asumiendo Capacidad*. En esta, expresó que asumiría el pago de todos los gastos escolares de las menores, a saber, matrícula, mensualidades, uniformes, libros y materiales escolares. Además, indicó que continuaría sufragando el plan médico de las menores, así como cualquier otro gasto médico y su vestimenta. Asimismo, manifestó que asumiría el costo de las terapias psicológicas o de otra índole y de las actividades extracurriculares, siempre que estas fueran seleccionadas con su anuencia. En atención a lo anterior, el 18 de mayo de 2023, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual tomó conocimiento de lo expresado por el apelado.

Posteriormente, el 21 de agosto de 2023, la apelante presentó una *Urgentísima Moción Informativa con Tracto Procesal y en Solicitud de Remedios y Sanciones*. En lo pertinente, alegó que el señor Bobé Plata no había pagado pensión alimentaria en beneficio

de sus hijas desde el año 2017, pese a contar con capacidad económica para hacerlo. Además, sostuvo que el trámite del caso se había dilatado por múltiples incumplimientos procesales atribuibles al apelado y que la vista final de alimentos, previamente señalada para el 15 de agosto de 2023, había sido cancelada tras la renuncia de sus representantes legales. Ante ello, solicitó al Tribunal de Primera Instancia que ordenara al apelado informar nueva representación legal dentro del término de cinco (5) días y que se señalara una vista de fijación de alimentos con carácter de urgencia dentro de diez (10) días. Asimismo, peticionó que, de no celebrarse dicha vista con prontitud, se impusiera al señor Bobé Plata una pensión alimentaria provisional de $4,418.76 mensuales en beneficio de las menores.

Luego de varias incidencias procesales, el 8 de mayo de 2024, se celebró una *Vista* sobre la revisión de la pensión alimentaria ante la Examinadora de Pensiones Alimentarias, Lcda. Normarie Rivera Malavé (en adelante, Examinadora). Así las cosas, el 1 de octubre de 2024, la Examinadora emitió el *Informe de Pensión Alimentaria Permanente*, en el cual consignó que, durante la vista, las partes anunciaron un acuerdo sobre la pensión alimentaria que ponía fin a la controversia de alimentos. En lo pertinente, a preguntas de la Examinadora, el señor Bobé Plata declaró lo siguiente:

> P – Señor Bobé, ¿entiende que deberá pagar hasta el treinta (30) de agosto del veinte veinticuatro (2024) la cantidad mensual de ochocientos dólares ($800)?
> R – Sí.
> P - ¿Que del uno (1) de septiembre del veinte veinticuatro (2024) en adelante, pagará la cantidad de quinientos treinta y cinco con cincuenta (535.50)?
> R – Sí.
> P - ¿Que será responsable del cien por ciento (100%) de los gastos suplementarios, educación, gastos médicos no cubiertos por el plan medico y extraordinarios, de ambas menores?
> R - Sí.
> P - ¿Que los va a pagar directamente a las instituciones o a los acreedores que sean necesarios?

R – Así es.[1]

En atención a ello, la Examinadora recomendó al Tribunal establecer al apelado una pensión alimentaria de $800.00 mensuales hasta el 30 de agosto de 2024 y, a partir del 1 de septiembre de 2024, la cantidad de $535.50 mensuales en beneficio de las menores. Asimismo, especificó que la pensión alimentaria sería efectiva al 9 de junio de 2020.

Del mismo modo, recomendó que el padre asumiera el 100% de los gastos de regreso a clases, de los gastos médicos no cubiertos por el plan médico y de los gastos extraordinarios, según definidos en las *Guías mandatorias para fijar y modificar pensiones alimentarias en Puerto Rico*, Reglamento Núm. 9535 del 15 de febrero de 2024. Ahora bien, consignó que las partes no lograron un acuerdo respecto a la existencia de una deuda o crédito relacionado con la pensión alimentaria, por lo que ambas serían responsables de demostrar cualquier deuda o crédito, de existir alguno. Finalmente, hizo constar que el acuerdo presentado por las partes fue ratificado bajo juramento y que estas manifestaron haberlo suscrito libre y voluntariamente, sin mediar coacción ni intimidación. Así las cosas, el 10 de octubre de 2024, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual acogió la recomendación de la Examinadora.

El 2 de enero de 2025, la apelante presentó una *Urgente Moción en Solicitud de Desacato*. En esta alegó que, contrario a lo dispuesto en la *Resolución* emitida el 10 de octubre de 2024 y notificada el 15 de octubre del mismo año por el Tribunal de Primera Instancia, el apelado no había efectuado pago alguno por concepto de pensión alimentaria desde julio de 2018, con excepción de pagos parciales que totalizaban $1,600.00. Indicó, además, que conforme

---

[1] Transcripción de la Vista celebrada el 8 de mayo de 2024, pág. 33, líneas 5-24; pág. 34, líneas 1-6.

al caso núm. 0615203 ante la Administración para el Sustento de Menores (ASUMe), el apelado adeudaba $41,342.00 por concepto de pensión alimentaria retroactiva y corriente. Asimismo, sostuvo que por el periodo comprendido entre julio de 2018 y mayo de 2020 el apelado adeudaba $18,400.00 adicionales, para una deuda total de $59,742.00. A tenor con lo anterior, solicitó que el apelado fuese declarado incurso en desacato por su incumplimiento con la obligación alimentaria impuesta por el Tribunal y que se le ordenara satisfacer la referida deuda en su totalidad, más los intereses correspondientes por mora.

En respuesta, el 23 de enero de 2025, el apelado presentó una *Oposición a la Urgente Moción en Solicitud de Desacato*. En lo pertinente, sostuvo que, conforme a la *Resolución* emitida el 7 de marzo de 2017, el Tribunal de Primera Instancia dispuso que los gastos escolares mensuales se cubrirían con el pago de la pensión alimentaria. A tenor con ello, alegó que, debido a que la señora Resto Torres no efectuó pago alguno al colegio en el que estaban matriculadas las menores, se vio en la obligación de asumir directamente dichos pagos a partir del año 2018, razón por la cual dejó de remitir a la apelante los $800.00 mensuales correspondientes a la pensión alimentaria. En apoyo de su postura, indicó que, al contabilizar los pagos efectuados al Colegio Thomas Alva Edison desde agosto de 2018 hasta mayo de 2024, había desembolsado la suma de $71,596.99, sin incluir uniformes, libros, materiales y otros gastos adicionales, cantidad que, según sostuvo, excedía la suma reclamada por la apelante. Por consiguiente, planteó que no existía deuda alguna por concepto de retroactivo. Asimismo, señaló que una de las menores residía con él de forma permanente y que, mientras el Tribunal dilucidaba el relevo de pensión solicitado, había entregado a la apelante un cheque por la cantidad de $1,750.00 el 14 de enero de 2025.

El 29 de enero de 2025, la apelante presentó una *Réplica a Oposición a la Urgente Moción en Solicitud de Desacato*. En lo pertinente, sostuvo que el apelado pretendía inducir a error al tribunal primario al alegar que el pago de los gastos escolares de las menores sustituía su obligación de satisfacer la pensión alimentaria. Afirmó que tal planteamiento contravenía lo resuelto por el Tribunal de Primera Instancia en su *Resolución* del 10 de octubre de 2024, mediante la cual se dispuso que el apelado debía satisfacer una pensión alimentaria de $800.00 mensuales, posteriormente ajustada a $535.50. Destacó que, además de dicha pensión, el tribunal primario determinó que el apelado, al asumir capacidad económica, debía cubrir el 100% de los gastos escolares, médicos y extraordinarios de las menores. En esa línea, subrayó que, en el caso de autos, no existe determinación judicial alguna que haya relevado o suspendido al apelado del pago de la pensión alimentaria. Añadió que la decisión de matricular a las menores en el Colegio Thomas Alva Edison fue tomada por el apelado de forma unilateral, siendo esta institución sustancialmente más costosa que el colegio en el que previamente estudiaban, lo cual, según alegó, constituyó una actuación contraria al ejercicio de la patria potestad compartida. Por tal razón, sostuvo que el apelado no estaba autorizado a adjudicarse crédito alguno por los pagos efectuados al colegio en sustitución de la pensión alimentaria ordenada. Finalmente, arguyó que el proceder del apelado evidenciaba temeridad y solicitó que se declarara con lugar la solicitud de desacato, ordenándosele pagar la suma de $60,277.50, más los intereses por mora.

Así las cosas, el 3 de septiembre de 2025, el Tribunal de Primera Instancia celebró una *Vista Evidenciaria.*

Luego de celebrada la referida vista evidenciaria, el Tribunal de Primera Instancia emitió *Resolución* el 2 de octubre de 2025,

notificada el 3 del mismo mes y año. En lo pertinente, determinó que el apelado optó desde el año 2018 por asumir directamente el pago de las mensualidades del colegio al que asistían las menores, así como otros gastos relacionados, y que dichos desembolsos excedían la cuantía de la pensión alimentaria establecida. Aun cuando concluyó que el apelado incumplió con la forma en que debía efectuar el pago de la pensión alimentaria, determinó que la prueba presentada demostraba que este no había dejado de cumplir con su obligación de proveer alimentos a sus hijas. A la luz de lo anterior, resolvió declarar *No Ha Lugar* la solicitud de desacato civil presentada por la apelante. No obstante, le impuso al apelado una sanción económica de $2,000.00 a favor de la apelante por haber incumplido con la forma dispuesta para realizar el pago de la pensión. Asimismo, ordenó a la Administración para el Sustento de Menores ajustar el balance adeudado en la cuenta correspondiente a $0.00 y dispuso que, en lo sucesivo, las partes se regirían exclusivamente por lo resuelto en la *Resolución* emitida el 10 de octubre de 2024, notificada el día 15 del mismo mes y año.

Inconforme, y tras denegada una previa *Solicitud de Reconsideración,* el 24 de noviembre de 2025, la apelante compareció ante nos mediante en el presente recurso de apelación. En el mismo formula los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia en establecer que el pago del colegio siempre ha estado establecido dentro del pago de la cantidad mensual de pensión alimentaria.

> Erró el Tribunal de Primera Instancia al combinar dos determinaciones judiciales incompatibles entre sí.

> Erró el Tribunal de Primera Instancia en concluir que la pensión alimentaria establecida mediante la Resolución con fecha del día 10 de octubre de 2024 y notificada el 15 de octubre de 2024 incluía el pago del colegio de las menores.

> Erró el Tribunal de Instancia al no valorar adecuadamente el expediente judicial, la prueba documental y testifical desfilada en la vista evidenciaria.

Erró el Tribunal de Primera Instancia y abus[ó] de su discreción, al no aplicar la doctrina de aceptación de capacidad económica en los pleitos de alimentos.

Erró el Tribunal de Primera Instancia y abus[ó] de su discreción al ordenar a la Administración para el Sustento de Menores ajustar el balance adeudado en la cuenta 0615203 a $0.00.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

II

En nuestro ordenamiento jurídico es doctrina reiterada que la obligación de los padres de proveer alimentos a sus hijos menores reviste el más alto interés público, pues busca garantizar su bienestar. *Díaz Rodríguez v. García Neris*, 208 DPR 706, 717 (2022); *Umpierre Matos v. Juelle Arbello*, 203 DPR 254, 265 (2019); *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 559 (2012); *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009); *Toro Sotomayor v. Colón Cruz*, 176 DPR 528, 535 (2009). La referida obligación tiene su fundamento en el derecho a la vida consagrado en la Sección 7 del Artículo II de la Constitución de Puerto Rico,[2] y surge de la relación paterno-filial que se origina al momento en que la paternidad o maternidad quedan establecidos. *Díaz Rodríguez v. García Neris*, supra, pág. 718; *Santiago, Maisonet v. Maisonet Correa*, supra, págs. 559-560; *Torres Rodríguez v. Carrasquillo Nieves*, supra, págs. 738-739; *Maldonado v. Cruz*, 161 DPR 1, 13 (2004).

El Artículo 653 del Código Civil de Puerto Rico, 31 LPRA sec. 7531, define alimentos como todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, conforme a la posición social de su familia.

---

[2] Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.

En el caso de los menores de edad, los alimentos incluyen, además, su educación, las atenciones de previsión ajustadas a los usos y circunstancias de su entorno familiar y social, así como los gastos extraordinarios necesarios para atender condiciones personales especiales. *Íd.* Ahora bien, la determinación relativa a la cuantía adecuada de alimentos para el menor de edad se fija siguiendo los criterios dispuestos en la ley especial complementaria. 31 LPRA sec. 7562.

Precisamente en ese contexto, la *Ley Orgánica de la Administración para el Sustento de Menores,* Ley Núm. 5 de 30 de diciembre de 1986, 8 LPRA sec. 501 *et seq.*, establece un mecanismo dirigido a conferir uniformidad al proceso de fijación y modificación de pensiones alimentarias. En dicho contexto, el Artículo 19 del referido estatuto provee para el uso de las Guías mandatorias para fijar y modificar pensiones alimentarias en Puerto Rico, a los fines de que, fundamentándose en criterios numéricos y descriptivos, la autoridad concernida realice el cómputo de la obligación alimentaria en cuestión. 8 LPRA sec. 518. Siendo así, el empleo de las mismas necesariamente implica el descubrimiento total y compulsorio de prueba sobre la suficiencia económica tanto del alimentante como del alimentista. 8 LPRA sec. 515; *Chévere v. Levis,* 150 DPR 525, 544 (2000).

No obstante, y a manera de excepción, nuestro Tribunal Supremo ha reconocido que, cuando un padre o madre alimentante admite que cuenta con medios suficientes para satisfacer sus obligaciones alimentarias para con sus hijos menores se prescinde, por innecesario, el trámite provisto en la Ley Orgánica de la Administración para el Sustento de Menores, *supra,* y las Guías. *De León Ramos v. Navarro Acevedo,* 195 DPR 157, 173 (2016). De este modo, cuando un alimentante manifiesta tener capacidad económica a tal efecto, solo corresponde cuantificar las necesidades

económicas del alimentista para fijar la obligación correspondiente. Una vez efectuada dicha determinación, el alimentante queda impedido de impugnar la pensión alimentaria establecida. Así, al haber asumido capacidad económica, el alimentante viene obligado a sufragar el 100% de los gastos razonables del menor alimentista. *Santiago, Maisonet v. Maisonet Correa*, supra, pág. 571; *Chévere v. Levis*, supra, pág. 546.

Ahora bien, cuando un alimentante acepta tener capacidad económica, pero interesa que se le imponga a la persona custodio el pago de una proporción de los gastos del alimentista, deberá divulgar sus ingresos. *Santiago, Maisonet v. Maisonet Correa*, supra, pág. 577. De modo que la mencionada excepción solo procede cuando el alimentante pretende asumir la totalidad de los gastos del menor, pues si su interés es que la persona custodio contribuya con una porción de estos, deberá revelar sus ingresos para permitir la aplicación de las Guías mandatorias. En tal escenario, "por imperativos de justicia y de principios matemáticos básicos, deberá divulgar sus ingresos a fin de utilizar las Guías y poder adjudicar la participación correspondiente a la madre y al padre." *Íd.*, pág. 571. Finalmente, es menester destacar que un alimentante no puede reducir la cuantía de la obligación sin la autorización judicial. 31 LPRA sec. 7568.

III

En su recurso, la apelante sostiene que incidió el Tribunal de Primera Instancia al concluir que el pago de los gastos escolares de las menores estaba comprendido dentro de la pensión alimentaria mensual y, a base de ello, declarar *No Ha Lugar* la solicitud de desacato presentada en contra del apelado. En esencia, plantea que el Foro Primario erró al interpretar la *Resolución* emitida el 10 de octubre de 2024, notificada el 15 del mismo mes y año, al entender que la pensión alimentaria fijada incluía el pago del colegio de las

menores, así como al combinar determinaciones judiciales incompatibles entre sí y al no aplicar correctamente la doctrina de aceptación de capacidad económica en los pleitos de alimentos. Asimismo, sostiene que el Tribunal de Primera Instancia no valoró adecuadamente la prueba documental y testifical presentada durante la vista evidenciaria y que abusó de su discreción al ordenar a la Administración para el Sustento de Menores ajustar a $0.00 el balance adeudado en la cuenta correspondiente. Habiendo examinado los referidos planteamientos a la luz del derecho aplicable y de las particularidades del caso ante nuestra consideración, procedemos a revocar la *Resolución* apelada.

Por estar íntimamente relacionados, discutiremos en conjunto, al igual que la apelante, todos los señalamientos de error.

Según esbozado previamente, la *Ley Orgánica de la Administración para el Sustento de Menores*, supra, establece un mecanismo dirigido a conferir uniformidad al proceso de fijación y modificación de pensiones alimentarias mediante el uso de las Guías Mandatorias, las cuales requieren el descubrimiento total y compulsorio de prueba sobre la capacidad económica tanto del alimentante como del alimentista. 8 LPRA secs. 515, 518; *Chévere v. Levis*, supra, pág. 544. No obstante, y a manera de excepción, un alimentante puede quedar relevado de divulgar información sobre sus ingresos si acepta tener capacidad económica para proveer alimentos. *Chévere v. Levis*, supra, pág. 545. En tal escenario, una vez se determinan las necesidades del alimentista, el alimentante queda obligado a sufragar el 100% de los gastos razonables del menor, sin que posteriormente pueda impugnar la pensión establecida o pretender que la persona custodio asuma una porción de dichos gastos sin antes divulgar sus ingresos para la aplicación de las Guías. *Santiago, Maisonet v. Maisonet Correa*, supra, págs. 571, 577; *Chévere v. Levis*, supra, pág. 546. Finalmente, es

menester destacar que un alimentante no puede reducir unilateralmente la cuantía de la obligación alimentaria sin la autorización judicial correspondiente. 31 LPRA sec. 7568.

En el caso ante nuestra consideración, el 16 de mayo de 2023, el apelado presentó una *Moción Asumiendo Capacidad,* mediante la cual manifestó su disposición a asumir la obligación alimentaria de las menores. Según surge de la transcripción de la vista celebrada el 8 de mayo de 2024 ante la examinadora, las partes esbozaron haber alcanzado un acuerdo respecto a la obligación alimentaria del apelado. Al remitirnos al referido récord, se desprende que dicho acuerdo fue ratificado bajo juramento por el señor Bobé Plata, quien manifestó comprender y aceptar que pagaría una pensión alimentaria mensual de ochocientos dólares ($800.00) hasta el 30 de agosto de 2024 y, a partir del 1 de septiembre de 2024, la cantidad de quinientos treinta y cinco dólares con cincuenta centavos ($535.50).[3] De igual forma, aceptó ser responsable del 100% de los gastos suplementarios de educación, los gastos médicos no cubiertos por el plan médico y los gastos extraordinarios de ambas menores.[4] Tal estipulación fue posteriormente recogida en la *Resolución* emitida el 10 de octubre de 2024, mediante la cual el Tribunal de Primera Instancia acogió la recomendación de la Examinadora y dispuso, además, que la pensión alimentaria sería efectiva con carácter retroactivo al 9 de junio de 2020. En ese contexto, al haber asumido capacidad económica, el apelado quedó obligado a sufragar el 100% de los gastos razonables de las menores, incluyendo los gastos escolares, sin que ello sustituyera su obligación de pagar la pensión alimentaria mensual fijada.

No obstante, surge del expediente que el apelado incumplió su obligación de pagar la pensión alimentaria a sabiendas de que

---

[3] Transcripción de la Vista celebrada el 8 de mayo de 2024, pág. 33.
[4] *Íd.*

estaba obligado a ello, y optó por sustituirla unilateralmente mediante el pago de gastos escolares. Durante la vista evidenciaria celebrada el 3 de septiembre de 2025, el propio apelado reconoció que desde el año 2018 no efectuó pagos de pensión alimentaria conforme a lo ordenado ni contaba con evidencia que los acreditara, limitándose a aludir a ciertos pagos realizados mediante "ATH Móvil".[5] Sin embargo, conviene puntualizar que, en nuestro ordenamiento jurídico, un alimentante no puede alterar unilateralmente la cuantía de la pensión alimentaria ni sustituir su pago por otros gastos sin la correspondiente autorización judicial.

A la luz de lo anterior, no podemos avalar el dictamen del Tribunal de Primera Instancia. Al interpretar que los gastos escolares de las menores estaban comprendidos dentro de la pensión alimentaria, el Foro Primario ignoró la prueba desfilada en la Vista Evidenciaria, así como el contenido claro del acuerdo ratificado por las partes y recogido en la *Resolución* emitida el 10 de octubre de 2024. Ello lo condujo a relevar indebidamente al apelado de su obligación alimentaria, llevando el balance adeudado ante la Administración para el Sustento de Menores a $0.00. Tal determinación contraviene la normativa aplicable en materia de alimentos, particularmente la doctrina de asumir capacidad económica, conforme a la cual el alimentante viene obligado a sufragar la totalidad de los gastos razonables del menor sin que ello sustituya la pensión alimentaria fijada.

En consecuencia, se revoca el dictamen apelado y se devuelve el caso al Tribunal de Primera Instancia para que realice un nuevo cómputo de la deuda alimentaria, conforme a la prueba presentada en la *Vista Evidenciaria* celebrada el 3 de septiembre de 2025 y a la normativa antes expuesta. A tales efectos, el Foro Primario realizará

---

[5] Transcripción de la Vista Evidenciaria celebrada el 3 de septiembre de 2025, págs. 82-83.

el cálculo correspondiente al periodo desde el año 2018 hasta el 8 de junio de 2020 conforme a la *Resolución* emitida el 27 de febrero de 2017. El periodo a partir del 9 de junio de 2020 en adelante se regirá por la *Resolución* emitida el 10 de octubre de 2024, la cual tuvo efecto retroactivo a dicha fecha tras la asunción de capacidad económica por parte del apelado. En dicho cómputo se incluirá la obligación del apelado de cubrir el 100% de los gastos suplementarios de las menores, además de la pensión alimentaria correspondiente.

Asimismo, el Tribunal de Primera Instancia deberá imponer honorarios de abogado a favor de las menores conforme a derecho. Es sabido que procede la imposición de los honorarios de abogado a favor de los menores en una acción para reclamar alimentos, sin la necesidad de que el demandado incurra en temeridad al defenderse de la reclamación. *Chévere Mouriño v. Levis Goldstein*, 152 DPR 492, 502 (2000).

IV

Por los fundamentos que anteceden, se revoca la *Resolución* apelada y devolvemos el caso ante el Foro Primario para la continuación de los procedimientos, ello a tenor con lo dispuesto por este Foro.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones